UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CARLOS GILBERT LAW,<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>CARLA CORTES, et al.,<br><br>　　　　Defendants. | Case No. 24-cv-07816-RFL<br><br>**ORDER GRANTING IN PART AND DENYING IN PART DEFENDANTS' MOTION TO DISMISS**<br><br>Re: Dkt. No. 22 |

　　　　On November 8, 2024, Carlos Gilbert Law, who is proceeding without an attorney, filed this civil rights action against Carla Cortes, Maribel Hinojosa, Mark Ebuen, and Jelani Hunter (collectively, "Defendants"). (Dkt. No. 1 ("Compl.").) This action is related to *Law v. Chu, et al.*, 24-cv-02870-RFL. In *Law v. Chu*, Law alleged that Neil Chu and R. Muniz, who are parole agents, sexually abused him. In this case, Law alleges that Defendants, who are also parole agents, retaliated against him after he reported the sexual abuse by arresting him without probable cause, in violation of his First, Fourth, Eighth, and Fourteenth Amendment rights. On March 18, 2025, Defendants moved to dismiss the claims against them. (Dkt. No. 13.) The Court granted the motion to dismiss with leave to amend, on the basis that Plaintiff had not adequately alleged that Defendants did not have probable cause to arrest him. (Dkt. No. 20 "Prior MTD Order".) Now, Defendants have moved to dismiss Plaintiff's second amended complaint. (Dkt. No. 22.) For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**. This order assumes that the reader is familiar with the facts of the case, the applicable legal standards, and the parties' arguments.

　　　　*Fourth Amendment Claim.* Plaintiff's initial complaint was devoid of allegations that Defendant lacked probable cause to arrest him. As explained in the prior MTD Order, because

"Plaintiff ha[d] not alleged that the contents of the Parole Violation Report [were] inaccurate, let alone provided factual allegations that would support such an inference," the facts described in the report supported Defendants' reasonable belief that Plaintiff violated his parole—and thus, that there was a lawful basis for his arrest. (Prior MTD Order at 3.)[1]  As a result, the Court dismissed the claim with leave to amend, explaining that "if Plaintiff wishe[d] to challenge the contents of the Parole Violation Report, he may do so," but that "in order to make a successful challenge on that basis, Plaintiff [would] need to provide specific facts that would support that inference." (*Id.* at 5.)

Plaintiff has successfully amended his complaint to address the deficiencies identified in the prior MTD Order.  In his amended complaint, Plaintiff alleges that the report was entirely "fabricated," and specifically that "[n]o phone call was []ever made by Plaintiff or no other person." (Dkt. No. 21 ("SAC") at 4.)  At this stage of the proceedings, the Court is required to take those allegations as true.  Therefore, Plaintiff has sufficiently alleged that the report is untrue, and that Defendants had no basis to arrest him.  The motion to dismiss this claim is denied.

*First Amendment Claim.*  The prior MTD Order dismissed Plaintiff's First Amendment claim because Plaintiff did not make the requisite threshold showing that he was falsely arrested. For the reasons just explained, Plaintiff has sufficiently corrected that deficiency in his amended complaint.  Therefore, Plaintiff has plausibly alleged that he was falsely arrested in retaliation for filing a complaint against the other officers.  The motion to dismiss this claim is denied.

*Eighth Amendment Claim.*  The Eighth Amendment requires an "unnecessary and wanton infliction of pain." *Wilson v. Seiter*, 501 U.S. 294, 297 (1991).  Here, Plaintiff does not allege a use of force during his arrest resulted in an infliction of pain.  Nor does he allege another basis to conclude the circumstances of his incarceration were otherwise cruel and unusual.  To the extent he challenges that his allegedly unlawful arrest resulted in his incarceration, that claim

---

[1] Citations to page numbers refer to the ECF pagination.

is duplicative of his Fourth Amendment claim and is dismissed on that basis.  The dismissal is without leave to amend, as he has had multiple opportunities to amend.

*Fourteenth Amendment Claim.*  "[I]f a constitutional claim is covered by a specific constitutional provision, such as the Fourth or Eighth Amendment, the claim must be analyzed under the standard appropriate to that specific provision, not under the rubric of substantive due process."  *United States v. Lanier*, 520 U.S. 259, 272 n.7 (1997).  "The Ninth Circuit has explicitly stated that 'Fourth Amendment standards must be used when a person asserts that a public official has illegally seized him.'"  *Fresno Rock Taco, LLC v. Rodriguez*, No. 11-cv-00622, 2013 WL 844421, at *8 (E.D. Cal. Mar. 6, 2013) (quoting *Larson v. Neimi*, 9 F.3d 1397, 1401 (9th Cir. 1993)).  The basis of Plaintiff's Fourteenth Amendment claim appears to be that he was arrested without probable cause.  Based on those allegations, the Fourth Amendment standard, as opposed to the Fourteenth Amendment standard, applies.  As such, this claim is duplicative of the Fourth Amendment claim, and is dismissed without leave to amend.

*Conclusion.*  For the reasons stated above, with respect to Plaintiff's First and Fourth Amendment claims, the motion to dismiss is denied.  With respect to Plaintiff's Eighth and Fourteenth Amendment claims, the motion to dismiss is granted without leave to amend.

The parties are ordered to submit a joint case management statement with a proposed case schedule by **September 26, 2025**.

**IT IS SO ORDERED.**

Dated: August 28, 2025

RITA F. LIN
United States District Judge